

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-83,961-01

### EX PARTE GERALD WAYNE JOHNSON II, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2-14-122-A IN THE 439TH DISTRICT COURT FROM ROCKWALL COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in organized criminal activity and sentenced to eighteen years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that trial counsel allowed him to plead guilty even though there was no evidence of "organized crime." On November 4, 2015, we remanded this application and directed the trial court to order counsel "to respond to Applicant's claim and state what evidence indicated that Applicant was guilty of engaging in organized criminal activity." *Ex*

*parte Johnson*, No. WR-83,961-01 (Tex. Crim. App. Nov. 4, 2015) (not designated for publication).

On remand, counsel filed a sworn affidavit and discussed her representation of Applicant. But counsel failed to respond to Applicant's claim that she allowed him to plead guilty even though there was no evidence of "organized crime." Accordingly, the trial court shall order counsel to file a second response.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's response, the trial court shall make further findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant would have insisted on a trial but for her alleged deficient conduct. *See Hill v. Lockhart*, 474 U.S. 52 (1985). The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 13, 2016
Do not publish